ZEICHA SWEET, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

*Municipal corporations — Buffalo — presentation of a claim — objection that a claim was not properly made and verified — how waived — Laws of 1891, chap. 105, §§ 15, 16.*

Under the provisions of the charter of the city of Buffalo the filing of a claim against the city with the city clerk is a presentation of the claim to the common council.

Where a claim against the city of Buffalo is not made out and verified as required by its charter, the board of aldermen may, within thirty days after such claim is presented, refuse upon that ground to audit it, but unless the objection is taken by the board of aldermen within thirty days it is not available thereafter for any purpose whatever.

A claim against the city of Buffalo for damages because of personal injuries, was presented in the form of a petition containing all the requisite facts, the verification of which was to the effect that "the said petition is true, and the whole of it."

*Semble,* that such verification was not a sufficient compliance with the provisions of section 15 of the charter of such city, requiring that claims of such nature "shall be accompanied by an affidavit that the claim and the items and specifications thereof are in all respects just and correct, and that no payments have been made and no set-off exists."

APPEAL by the defendant, The City of Buffalo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 4th day of April, 1895, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 5th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Charles L. Feldman,* for the appellant.

*L. L. Lewis, Jr.,* for the respondent.

BRADLEY, J. ·

The purpose of the action was to recover damages for personal injuries suffered by the plaintiff and alleged to have been occasioned by the negligence of the defendant. The evidence was sufficient to permit the court to submit the questions of the negligence of the defendant and of the contributory negligence of the plaintiff to the jury and to support the verdict.

The further question arises upon the provisions of the city charter that "The common council shall audit all claims against the city. Unliquidated claims shall be filed with the city clerk  *  *  *  and if for damages for wrong or injury when, where and how occasioned, and shall be accompanied by an affidavit that the claim and the items and specifications thereof are in all respects just and correct, and that no payments have been made and that no setoff exists except those stated." (Laws of 1891, chap. 105, § 15.) Also that "No action or proceeding to recover or enforce any claim against the city shall be brought, until the expiration of forty days after the claim shall have been filed with the city clerk for presentation to the common council for audit, in the manner and form aforesaid.  *  *  *  If the .claim be not made out and verified, as above required, the board of aldermen may, within thirty days after its presentation, refuse, on that ground, to audit it." (Id. § 16.)

The claim of the plaintiff was filed with the city clerk on April 18, 1893, and on the twenty-second day of May following the claim was rejected by the board of aldermen, on the ground that the affidavit of verification was defective. The claim was presented in the form of a petition, which contained all that was essential for such purpose. The affidavit annexed to it was to the effect "that the said petition is true and the whole thereof." This was not a full compliance with the statute. As has been seen, the statute permits the board of aldermen, on that ground, to refuse, within thirty days after the presentation of a claim, to audit it. The filing of the claim with the city clerk was a presentation to the board. (*Murphy* v. *The City of Buffalo*, 38 Hun, 49.)

The purpose of the statute, evidently, was to require adverse action of the board, founded upon defects in an affidavit of verification, within that time, so that the claimant might not be prejudiced by further delay in making another presentation of his claim, supported by his corrected affidavit.

It would seem that this provision of the statute limits the time within which the board can, for such defect, reject a claim, and as a consequence that, unless the objection is taken by the board within the thirty days, it is not available for any purpose, after the expiration of such time. This is a reasonable interpretation of the purpose of the statute in that respect. And as the claim was not

rejected within thirty days after its presentation, the defect in the affidavit is not tenable to defeat the action.

The judgment and order should be affirmed.

LEWIS, WARD and ADAMS, JJ., concurred.

Judgment and order affirmed.